LEWIS GAYLORD, RESPONDENT, v. RICHARD JONES, APPELLANT.

*Supplementary proceedings — examination of judgment debtor — Contempt.*

A creditor cannot have two orders for the examination of a judgment debtor in force at the same time, and the defendant cannot be held to obey both.

Where a judgment debtor refuses to obey an order in supplementary proceedings, and a second order for his examination is obtained which supersedes the first, he cannot be punished for his contempt of the first order.

APPEAL from an order of the county judge of Oneida county, punishing the defendant for contempt in failing to obey an order to appear and be examined in proceedings supplementary to execution. On the return day of an order in supplementary proceedings the defendant appeared and was sworn, and the examination was adjourned. On the adjourned day the defendant, having raised certain objections, refused to submit to the examination, and the parties left. On the same day the plaintiff obtained a second order for the examination of the defendant, which was served upon him, and, upon the day named in the second order, he failed to appear at the time and place mentioned. Upon the return of an order to show cause, the county judge ruled that the defendant was in con-

tempt for disobeying the first order, and that he appear before a referee at a time and place mentioned and be examined.

*Risley, Stoddard & Matteson,* for the appellant.

*Richardson & Adams,* for the respondent.

E. DARWIN SMITH, J. :

When, on the 21st of November, 1874, after the defendant had appeared before the referee appointed by the county judge, and objected by his counsel to the proceeding, and refused to be examined under the order of the ninth of November, on the grounds then specified, the plaintiff did immediately, and on the same day, on a new and original affidavit, apply to the same judge who granted the former order, of the ninth of November, and obtained a new order requiring the defendant to appear and be examined before a referee therein named, on the eleventh of December, thereafter, the said order of the ninth of November should be considered, and all proceedings under the same, as entirely abandoned and discontinued. The plaintiff could not have two orders to the same effect, running and in force at the same time, and the defendant could not be held to obey both orders. The second order superseded the first, and it was therefore irregular, afterward, to proceed to punish the defendant as for a contempt, in not submitting to an examination under said order of the ninth of November. But as the order to show cause and the proceedings for the contempt were under both orders nominally, the defendant might properly be held to obey the order of the twenty-first of November, the examination under the same having been suspended by the proceedings in bankruptcy.

The order appealed from, so far as it adjudges the defendant in contempt, and imposes a fine upon him, should therefore be reversed, and so far as it directs him to appear before a referee and be examined and answer on oath concerning his property, should be affirmed, and the said defendant be required to appear before such referee at such time and place as shall be fixed for that purpose by the county judge making the said supplemental order, without costs of appeal to either party.

GILBERT, J. (dissenting) :

A creditor cannot have two orders for the examination of a judgment debtor, supplementary to execution upon one judgment at the same time. The second order being wholly inconsistent with the first one, necessarily superseded it, and the latter may be treated as having been abandoned.

The defendant may have been guilty of a contempt for not obeying the order of the 21st November, 1874, but we think he could not be legally convicted of a contempt for disobeying the order of the 9th November, 1874, after the subsequent order had been made and served.

The order appealed from must, therefore, be vacated, with ten dollars costs and disbursements.

Present — MULLIN, P. J., SMITH and GILBERT, JJ.

Order, so far as it adjudges defendant in contempt, etc., reversed, and, so far as it directs the defendant to appear before referee and be examined, affirmed, and defendant required to appear before said referee, and be examined at such time and place as shall be fixed by the county judge.